JOHNSON, J.,
concurs with reasons.
I write separately to address my concerns with the sustaining of Defendants’ peremptory exception of no right of action filed with this Court. Defendants argue that Plaintiffs physicians,. K.E. Vogel, M.D. (A Medical Corporation) (“Vogel AMC”) and F & C Management Group d/b/a The Health Care Center (“HCC”), as non-parties to the action, have no right of action for sanctions- against them. Our *578 opinion in this matter agrees with Defendants’ position and cites Thiel v. State Farm Mutual Auto. Ins. Co., 14-879 (La.App. 5 Cir. 5/28/15); 171 So.Sd 375, writ denied, 15-1259 (La.10/9/15), — So.3d -, 2015 WL 6458104 (unpublished disposition), as the authority for sustaining the exception of no right of action.
In Thiel, I dissented from the majority opinion on the basis that I believed a non-party litigant has a right of action to bring a motion for sanctions under La. C.C.P. art. 1420. I expressed that I did not believe the Louisiana legislature intended to protect a named party propounding improper discovery from a motion for sanction simply because the party to whom it propounded the improper discovery was not a named party. I also expressed that I did not believe the term “party” in La. C.C.P. art. 1420(D) is limited to a named litigant to the action.
While I continue to stand by my positions expressed in my dissent in Thiel, I recognize that the Louisiana Supreme Court declined to address the issue raised in Thiel on writs. Thus, Thiel is the controlling authority for this circuit on this particular issue. For that reason, I concur with the majority opinion.